United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHARLES KOPPA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>XOME, INC.,<br><br>　　　　Defendant. | Case No. 18-cv-03796-BLF<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On September 25, 2018, the Court dismissed pro se Plaintiff Charles Koppa's complaint under Federal Rule of Civil Procedure 12(b)(6) with leave to amend within 21 days of the date of the order. *See* ECF 19. To date, no amended complaint has been filed. On October 24, 2018, the Court ordered Plaintiff to show cause in writing on or before November 7, 2018, why the Court should not dismiss the complaint for failure to timely amend. *See* ECF 21. To date, Plaintiff has failed to respond, and the Court hereby DISMISSES this action without prejudice under Fed. R. Civ. P. 41(b).

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The text of Rule 41(b) refers to a defense motion for dismissal; however, the Rule also permits a court to sua sponte dismiss an action for failure to prosecute or failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). A plaintiff's failure to take any action in response to a Court's prior dismissal with leave to amend under Rule 12(b)(6) is considered a failure to comply with a court order. *Yourish v. Calif. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

A dismissal pursuant to Rule 41(b) "'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v.*

*Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 990.

## II. DISCUSSION

Plaintiff's unjustified failure to timely file an amended complaint qualifies as an unreasonable delay. *See Castellanos v. Countrywide Bank NA*, 2015 WL 5243327, at *2 (N.D. Cal. Sept. 8, 2015). The Court has also considered the five *Yourish* factors for determining whether to dismiss a case as a sanction, and finds each of these factors except the policy in favor of resolution of cases on the merits weighs in favor of dismissal. Accordingly, dismissal is warranted. The Court notes that the mailing of the Court's prior order to dismiss (ECF 19) to pro se Plaintiff Koppa was returned as undeliverable. *See* ECF 23. Thus, in accordance with Civil Local Rule 3-11(b)(1), the dismissal shall be without prejudice.

Finally, the Court finds that Defendant's motion to dismiss at ECF 22—to which the deadline for opposition has passed and no opposition has been filed—is moot in light of the Court's present order. Accordingly, Defendant's motion to dismiss at ECF 22 is hereby TERMINATED.

## III. CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED without prejudice. The case management conference set for March 21, 2019, is VACATED. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: November 14, 2018

_____
BETH LABSON FREEMAN
United States District Judge